IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH K. TOLEDO,

      Plaintiff,

vs.                                                   No. CIV-05-CV-802 JC/DJS

UNITED STATES OF AMERICA and
THE PUEBLO OF JEMEZ,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Motion to Dismiss On Behalf of Defendant Pueblo of Jemez, filed August 12, 2005 (*Doc.* 5). This motion is filed pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6). Defendant moves to dismiss this case against it on the following grounds: 1) Plaintiff lacks subject matter jurisdiction under Rule 12(b)(1), or, in the alternative, 2) Plaintiff fails to state a claim upon which relief can be granted under Rule 12(b)(6). The Court has reviewed the Motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds the Motion well taken and it is GRANTED.

**I.    Background**

This suit arises from an incident occurring on the Pueblo reservation (or land) between Plaintiff and a Bureau of Indian Affairs (BIA) officer, Ivan R. Bowekaty. Plaintiff was the passenger in an auto accident that occurred on Pueblo land. He was charged with leaving the scene of the accident, and he remained in jail for three days without bond. When Plaintiff's criminal charges were dismissed, the BIA officer brought the same charges against him civilly in

the Jemez Tribal Court. At this point, Plaintiff filed a counterclaim alleging malicious abuse of process. This counterclaim was denied by the Tribal Court, as was Plaintiff's request to be represented by counsel at the counterclaim hearing. From these events, Plaintiff alleges that he suffered injuries actionable under the Indian Civil Rights Act, 25 U.S.C. §1301 *et seq*. (ICRA), as he was falsely arrested, falsely imprisoned, and maliciously prosecuted and/or the victim of abuse of process.

## II. Standard of Review

A complaint may be dismissed pursuant to Rule 12(b)(1) if the court lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Under a Rule 12(b)(1) motion, the moving party may either 1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction or 2) go beyond the allegations contained in the complaint by presenting evidence to challenged the factual basis upon which subject matter jurisdiction exists. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).

A complaint may be dismissed pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In deciding a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true (*See Albright v. Oliver*, 510 U.S. 266, 268 (1994)), and views them in the light most favorable to the nonmoving party. *Sutton,* 173 F.3d at 1236.

## III. Discussion

### A.   Lack of Subject Matter Jurisdiction

Plaintiff's complaint against Defendant Pueblo of Jemez, as laid out in Count II, rests solely within the confines of the ICRA. This means that federal courts have no jurisdictional basis for reviewing these claims. It has been clearly stated by the both the Supreme Court and the Tenth Circuit that the only jurisdiction for federal review of ICRA claims would be from a writ of habeas action. *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 72 (1978); *Wheeler v. Swimmer*, 835 F.2d 259, 261 (10th Cir. 1987). Any other relief must be sought through a tribal forum and federal courts must decline jurisdiction where these tribal forums are available. *Wheeler*, 835 F.2d at 261. As Defendant correctly notes in its reply, because there is absolutely no basis for subject matter jurisdiction here, it would be inappropriate for the Court to even consider the defense of waiver of sovereign immunity as suggested by Plaintiff. *See Okla. Tax Com'n v. Graham*, 489 U.S. 838, 841 (1989); *Ninigret Dev. Corp. v. Narangassett Indian Wetuomuck Hous. Auth.*, 207 F.3d 21, 28 (1st Cir. 2000); *In re Prairie Island Dakota Sioux*, 21 F.3d 302, 304-305 (8th Cir. 1994). Whether or not immunity has been waived does not provide a basis for federal jurisdiction. The only argument raised in Plaintiff's response to this end, was the chance that a tribal insurance policy may have waived Defendant's sovereign immunity. Resp. 1-2. Following the reasoning above, however, the Court does not need to examine this proposition or postpone granting the motion as it has no jurisdiction to hear these claims.[1]

---

[1] The Tenth Circuit has carved out one exception in invoking federal jurisdiction through *Dry Creek Lodge, Inc. v. Arapahoe & Shoshone Tribe*, 623 F.2d 682 (10th Cir. 1980). The Tenth Circuit has narrowly interpreted *Dry Creek Lodge*, however, confirming that it can only be invoked in special circumstances where: 1) the dispute does not involve internal tribal issues, 2) the Plaintiffs are not Indian or 3) a tribal forum is not available. W*hite v. Pueblo of San Juan*, 728 F.2d 1307, 1312 (10th Cir. 1984). Here, this exception plainly does not apply because Plaintiff is an Indian (Resp. at 2) and because a tribal forum was available for resolving Plaintiff's dispute. *Id*. Although the forum did not decide Plaintiff's issue to his liking, this does not negate the fact that such a forum exists.

As it is clear that no jurisdiction exists under Rule 12(b)(1), it is unnecessary to examine whether there is a failure to state a claim under Rule 12(b)(6).

Wherefore,

**IT IS ORDERED** that Motion to Dismiss on Behalf of Defendant Pueblo of Jemez, filed August 12, 2005 (*Doc*. 5) is **granted.**

DATED October 11, 2005.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

    Narciso Garcia, Jr., Esq.
    Garcia Law Office
    Albuquerque, New Mexico

Counsel for Defendant:

    C. Bryant Rogers, Esq.
    David R. Yepa, Esq.
    Roth, Van Amberg, Rogers, Ortiz & Yepa, LLP
    Santa Fe, New Mexico