IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH K. TOLEDO,

    Plaintiff,

vs.                                             CIV. NO. 05-802 JC/DJS

UNITED STATES OF AMERICA and
THE PUEBLO OF JEMEZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon a Motion To Dismiss For (A) Lack Of Subject Matter Jurisdiction, (B) Sovereign Immunity, (C) Failure To Exhaust Tribal Remedies, And (D) Failure To State a Claim Filed On Behalf Of Defendants David Yepa And Roth, Vanamberg, Rogers, Ortiz & Yepa, LLP, filed April 24, 2006 (*Doc*. 37). This motion is filed pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). The Court has reviewed the Motion, the memoranda and exhibits submitted by the parties, and the relevant authorities. The Court finds the Motion to be well taken, and it is GRANTED.

**I.    Background**

Plaintiff's original suit arose from an incident occurring on the land of the Pueblo of Jemez. Plaintiff, an Indian and member of the Navajo nation, was a passenger in an auto accident which resulted in the death of a Pueblo member, a minor child. Plaintiff was criminally charged with leaving the scene of the accident in the Pueblo tribal court by a Bureau of Indian Affairs

("BIA") officer, Ivan R. Bowekaty. Plaintiff contested the validity of this charge, claiming that Pueblo law required only drivers to remain at the scene of the accident. The criminal charges against Plaintiff were dismissed, but the BIA officer subsequently brought civil charges arising from the same incident as the prior complaint against Plaintiff in the tribal court. The Jemez tribal court then found that Plaintiff wrongfully left the scene of the accident and failed to render aid. Plaintiff filed a counterclaim against BIA officer Bowekaty, alleging malicious abuse of process. This counterclaim was denied by the tribal court, as was Plaintiff's request to be represented by counsel at the counterclaim hearing. Plaintiff then brought suit in federal court against the Pueblo of Jemez and the United States of America. This Court dismissed Plaintiff's complaint against the Pueblo of Jemez for lack of subject matter jurisdiction in October 2005. Plaintiff subsequently filed a Second Amended Complaint for Damages on March 31, 2006, which added David Yepa and Roth, Vanamberg, Rogers, Ortiz & Yepa, LLP ("Roth"), as Defendants under the Federal Tort Claims Act, 28 U.S.C. § 2071-80 (1994). Plaintiff claims that Defendants Yepa and Roth were also both responsible for the alleged false and malicious filings against him in the Pueblo tribal court.

## II.     Standard of Review

A complaint may be dismissed pursuant to Rule 12(b)(1) if the court lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Under a Rule 12(b)(1) motion, the moving party may either (1) facially attack the complaint's allegation as to the existence of subject matter jurisdiction or (2) go beyond the allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction exists. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).

A complaint may be dismissed pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sutton v. Utah State Sch. For the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In deciding a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true. (*See Albright v. Oliver*, 510 U.S. 266, 268 (1994)), and views them in the light most favorable to the nonmoving party. *Sutton*, 173 F.3d at 1236.

### III. Discussion

#### A. Lack of Subject Matter Jurisdiction

Defendants argue that the Court should dismiss Defendants Yepa and Roth, as this Court dismissed the Pueblo of Jemez itself, because the provisions asserting jurisdiction in Plaintiff's complaint apply only to the United States of America as a Defendant. Defendants claim that jurisdiction, therefore, cannot be extended to include them as well. Further, Defendants argue that Plaintiff cannot also assert jurisdiction for his claims against them through bases not claimed in his complaint, namely through supplemental jurisdiction. The Court will analyze each of these arguments in turn.

##### 1. Federal Tort Claims Act

Plaintiff asserts jurisdiction over Defendants Yepa and Roth in his Second Amended Complaint under 28 U.S.C. ss 1346(b) and 2401(b). Plaintiff further specifies that the suit is brought under the Federal Tort Claims Act, 28 U.S.C. s. 2071-80 (1994). Although Plaintiff contradictorily states in his response brief that "the lawsuit against defendants Yepa and the law firm are based upon New Mexico common law," Plaintiff apparently also still maintains that this

3

court has federal question jurisdiction over these claims as well. Resp. at 6. Taking this under consideration, Defendants' main argument appears to be that they are not federal employees and, therefore, cannot be sued under the Federal Tort Claims Act. Although the Court has previously found that it has no jurisdiction over the Pueblo of Jemez itself, attorneys acting on behalf of the Pueblo are not the exact same entity, and cannot be treated as such. It is doubtful, however, that Pueblo attorneys fall under the umbrella of "the United States" for the purposes of suits brought under the Federal Tort Claims Act.

Defendant David Yepa is an enrolled member of the Pueblo of Jemez. Plf.'s Ex. B at 4. His firm, Defendant Roth, was retained to act as the Pueblo's general legal counsel and to represent the Pueblo in all legal matters. Plaintiff counters, however, that he is not suing Yepa and Roth in their capacity as attorneys for the Pueblo, but as "agents of the federal government," who acted by providing communication and assistance to the BIA. Resp. at 2. In essence, Plaintiff tries to analogize the situation here to one that would present a *Bivens* claim, where agents of the federal government may be sued in its stead. In *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, the Supreme Court held that agents of the federal government may be sued for damages in federal court, when they acted under the color of federal law or authority. 403 U.S. 388 (1971).

Plaintiff maintains that because the Pueblo of Jemez may have contracted its judicial and/or legal services to assist the BIA, and that the BIA allegedly did have contracts which specified that these services were to be provided by the Defendants, that the Defendants worked for the BIA instead of the Pueblo in the instance before the Court. This Court has trouble reconciling *Bivens* with the present situation. Plaintiff has not presented a sufficient allegation

4

that Defendants were acting under the color of federal law or authority. In *Dry v. United States*, the Tenth Circuit rejected *Bivens* and FTCA claims against individual tribal officials when it found that they were not acting under color of federal law or authority. 235 F.3d 1249, 1255 (10th Cir. 2000). Significantly, the Circuit rejected the "conclusory allegation[s]" that the tribal defendants were acting under the color of federal law. *Id*. (quoting *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994). Here, this Court is faced with a similar situation. Plaintiff baldly asserts that Defendants were acting as federal employees, with essentially no facts to back his claim. On the other hand, Defendants present an affidavit that they were employed by the Pueblo at all times relevant to this suit. *See* Affidavit of Vincent Toya, Df.'s Ex. C. Although the Court considers this affidavit for factual purposes, this does not convert this Motion into one for summary judgment, as Defendants present a factual attack on subject matter jurisdiction. In cases like these, the Court has broad discretion to resolve jurisdictional facts. *See Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Indeed, a district court "may not presume the truthfulness of the complaint's factual allegations" and factually unsupported argument. *Id*.

Although Defendants may not have been representing the Pueblo of Jemez exclusively (Resp. at 1), this does not somehow establish that they were operating under the color of federal law. The relationship between BIA officers and attorneys working for Indian tribes is undoubtedly a complex one, and is in all probability, intertwined in many respects. Defendants may have been assisting BIA officers in bringing complaints, but this, in all probability, did not conflict with their client's interests. Plaintiff provides the Court with a letter written by Officer Bowekaty, which clearly states that Defendant Yepa redrafted criminal complaints on a civil complaint format for him. *See* Plf.'s Ex. 3. Again, however, this does not necessarily mean that

5

attorneys working for the Pueblo are also working for the federal government. Indeed, in this same letter, Officer Bowekaty also refers to Defendant Yepa as "Jemez Tribal Attorney." *Id*. Because Plaintiff cannot provide any more substantial information regarding the attorneys' alleged connection to federal government, the Court cannot proceed any further here, and must grant Defendants' Motion to Dismiss based on lack of subject matter jurisdiction.

        2.     Supplemental Jurisdiction

Plaintiff also claims that if jurisdiction does not exist under the Federal Tort Claims Act, his claims against these Defendants can be brought as state common law or Pueblo traditional law tort claims under the supplemental jurisdiction of 28 U.S.C. §1367. Although Defendant did not mention this basis of jurisdiction in his Second Amended Complaint, the Court will give Plaintiff the benefit of the doubt and entertain discussion of the argument anyway. As Defendants correctly point out, "district courts may decline to exercise supplemental jurisdiction ... [if,] in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). Supplemental jurisdiction over Plaintiff's claims will not be exercised here, as Plaintiff has not exhausted his tribal remedies regarding these claims.

Although the Court is not denying that it may be entitled to hear these claims under the umbrella of supplemental jurisdiction, it must bow to the sovereignty of Indian tribes and their own self-government, as well as Supreme Court decisions which clearly state that a tribal court is first entitled to "a full opportunity to determine its own jurisdiction" over claims arising in Indian country. *Iowa Mutual Ins. Co. v. La Plante*, 480 U.S. 9, 16 (1987)(quoting *National Farmers Union Ins. Cos. v. Crow Tribe*, 471 U.S. 845, 857 (1985)). *Iowa Mutual* explicitly states that "[e]xhaustion is required as a matter of comity, not as a jurisdictional prerequisite." 480 U.S. at

16, n.8.  This notion of comity requires undertaking the consideration of several factors, such as the strong federal preference for tribal self-government, the parties involved, and the idea that "tribal courts are best qualified to interpret and apply tribal law." *Id*. at 15-16.   As the facts before the Court directly implicate not only an Indian litigant on Indian lands, but also the actions of the Tribal Court, and the intricacies of Pueblo law, it seems the only prudent course for the Court to take at this time is to abstain from seeking jurisdiction over these matters until the tribal court has had an opportunity to decide whether it would like to step in itself.  Once this has occurred, including an adjudication on the merits and tribal appellate remedies, Plaintiff is more than welcome to again bring his action to challenge the tribe's jurisdiction in federal court.  *See id*. at 19.

Although Plaintiff has already brought one counter-claim to his civil charges in tribal court, this counter-claim was only against BIA officer Bowetaky, not against either the Pueblo of Jemez or the Defendant attorney and Defendant law firm that he is now suing. Plaintiff correctly states that there is no pending case regarding these Defendants before the tribal court.  Resp. at 7.  This does not preclude, however, the federal district court from deciding to abstain in order that the tribal court still maintain the first opportunity to decide questions of jurisdiction.  *See Navajo Nation v. Intermountain Steel Bldgs., Inc.*, 42 F.Supp.2d 1222, 1227 (D.N.M. 1999) (citing *Smith v. Moffet*, 947 F.2d 442, 445 (10th Cir. 1991).  The argument that exhaustion is not required because Plaintiff's abuse of process claim is allegedly brought under state and not tribal law also fails.  Plaintiff's confusion within his own pleadings about under which law he brings his claims does not help his cause.  Whether Plaintiff's malicious abuse of process claim against Defendants Yepa and Roth are brought under theories of New Mexico state law or tribal law, the

Jemez tribal court is reserved the opportunity to determine first whether it has jurisdiction to rule on the claims. Therefore, Plaintiff has not exhausted his tribal remedies against the Defendants, and supplemental jurisdiction cannot be granted in this case.

B.    Failure to State A Claim

As the Court has already discussed the reasoning behind dismissing these Defendants to the suit on the basis of lack of jurisdiction, there is no need to discuss the other grounds raised for their dismissal.

Wherefore,

**IT IS ORDERED** that the Motion to Dismiss For (A) Lack of Subject Matter Jurisdiction, (B) Sovereign Immunity, (C) Failure To Exhaust Tribal Remedies, And (D) Failure To State A Claim Filed On Behalf Of Defendants David Yepa and Roth, Vanamberg, Rogers, Ortiz, & Yepa, LLP, filed April 24, 2006 (Doc. 37) is **granted**.

DATED September 18, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

>Narciso Garcia, Jr., Esq.
>Garcia Law Office
>Albuquerque, New Mexico

Counsel for Defendants:

>David W. Peterson, Esq.
>Keleher & McLeod, P.A.
>Albuquerque, New Mexico