IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


JOSEPH I. K. TOLEDO,

        Plaintiff,

vs.                                                                                                      No. CIV 05-802 JC/DJS

UNITED STATES OF AMERICA,
DAVID YEPA, AND ROTH, VANAMBERG,
ROGERS, ORTIZ & YEPA, LLP,

        Defendants.


**MEMORANDUM OPINION AND ORDER**

        THIS MATTER comes before the Court on *Plaintiff's Motion to Amend and Supporting Memorandum*, filed September 11, 2006 (*Doc. 63*) ("Pl's Motion") and *Defendant United States' Motion to Dismiss Plaintiff's Bivens Claim and Supporting Memorandum of Law*, filed August 8, 2006 (*Doc. 59*) ("Def's Motion"). The Court, having considered the motions, the parties' submissions, and the relevant authority, finds Plaintiff's Motion (*Doc. 63*) not well-taken and it is DENIED. The Court further finds Defendant's Motion (*Doc. 59*) well-taken and it is GRANTED.

**I.**         **Factual Background**

        This suit arises from an all-around tragic incident and the ensuing prosecution of, and civil litigation against, Plaintiff. Plaintiff was the passenger in an auto accident that occurred on Pueblo land. On June 4, 2002, Plaintiff Joseph I.K. Toledo was eighteen years old. He and his twelve-year old cousin were passengers in the bed of a pickup truck driven by a third party in the

Pueblo of Jemez. Plaintiff's cousin fell out of the bed of the truck. Neither the driver nor any passenger, including Plaintiff, rendered aid to the boy. Instead, all left the scene and the boy was subsequently found dead in the road by the police.

Plaintiff was initially charged with leaving the scene of the accident, and he remained in jail for three days without bond on that criminal charge. When Plaintiff's criminal charges were dismissed, the BIA officer brought the same charges against him civilly in the Jemez Tribal Court. At that point, Plaintiff filed a counterclaim alleging malicious abuse of process. Plaintiff's counterclaim was denied by the Tribal Court, as was Plaintiff's request to be represented by counsel at the counterclaim hearing.

## II.     Procedural Background

On July 25, 2005, Plaintiff filed his Complaint for Damages, naming the United States and the Pueblo of Jemez as defendants. On October 11, 2005, the Court granted the Pueblo of Jemez' Motion to Dismiss. *See Doc. 16*. On March 31, 2006, Plaintiff filed his document styled "Second Amended Complaint," naming the United States, David Yepa, and the law firm of Roth, Vanamberg, Rogers, Ortiz, & Yepa, LLP ("Law Firm") as Defendants. On September 18, 2006, the Court granted a Motion for Summary Judgment in favor of Mr. Yepa and the Law Firm. *See Doc. 64*. Presently, Plaintiff seeks leave to file a "Third Amended Complaint"[1] to add Ivan R. Bowekaty as a defendant in Count II of his Second Amended Complaint in his attempt to cure by amendment what he concedes to be a jurisdictional deficiency in his "Second Amended Complaint." Plaintiff's request for leave to amend comes in response to Defendant United States'

---

[1] Plaintiff in fact seeks to amend for a second time, as he has previously amended his original complaint but once.

Motion to Dismiss Plaintiff's Bivens Claims and Supporting Memorandum (*Doc. 59*), which is based on the jurisdictional deficiency.  *See* Plaintiff's Response to Motion to Dismiss at 1 ("Plaintiff concedes that the United States enjoys immunity from the claims alleged in Count II of the Second Amended Complaint and that such immunity has not been waived.  However, plaintiff has filed a motion to amend Count II to substitute Ivan R. Bowekaty as the proper defendant under Count II.").

Plaintiff's Second Amended Complaint was filed on March 31, 2006.  Count II presently alleges that the United States of America violated Plaintiff's constitutional rights to be free from unreasonable seizure, the issuance of warrants absent probable cause in support thereof, and deprivation of property without due process of law.  The factual basis for these allegations as found in the Second Amended Complaint are Plaintiff's contentions that Ivan R. Bowekaty, as special agent for the Bureau of Indian Affairs (BIA), wrongfully initiated criminal and civil prosecutions against Plaintiff pursuant to a tribal ordinance which requires drivers of motor vehicles involved in an accident where there are injuries to remain at the scene and render aid.  Mr. Bowekaty is not and has never been a named defendant in this case; he has never been served with process nor has he entered an appearance in this matter.  Discovery closed on August 1, 2006.  *See Doc. 25*.

**II.     Legal Standards**

   A.     Motion to Dismiss

Rule 12(b)(1) of the Federal Rules of Civil Procedure dictates dismissal of a claim where federal jurisdiction is lacking.  *See* Fed.R.Civ.P. 2(b)(1).  The United States, as a sovereign, is immune from suit except to the extent that it waives its sovereign immunity and consents to be

3

sued. *Smith v. United States*, 507 U.S. 197, 200 (1993); *United States v. Sherwood*, 312 U.S. 584, 586 (1941).

      B.      Motion to Amend

Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that after a defendant answers a complaint, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Court enjoys discretion whether to grant leave to amend the pleadings pursuant to Fed.R.Civ.P. 15(a). Nonetheless, refusal to allow amendment is "generally only justified upon a showing of undue delay, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party, or futility of amendment, etc." *Castleglen, Inc. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993). Where a proposed amendment would be futile, or not capable of surviving a motion to dismiss, it should be rejected. *Foman v. Davis*, 371 U.S.178; *Mountain View Pharmacy v. Abott Labs.*, 630 F.2d 1383 (10th Cir. 1980).

Rule 15(c) provides, in relevant part, that

> "[a]n amendment of a pleading relates back to the date of the original pleading when
>
> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be

>prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15 (c).

**III.    Discussion**

Count II of Plaintiff's Second Amended Complaint impermissibly asserts a cause of action against the United States for damages, purportedly alleging violations of federal constitutional rights under *Bivens v. Six Unknown Agents of the Fed. Bur. of Narcotics*, 403 U.S. 388 (1971). However, the United States has not waived its immunity for this type of claim and, thus, cannot be sued directly for the torts alleged. In a *Bivens* claim, of course, a federal employee, acting in violation of the constitution, is liable in his individual capacity, not in his official capacity. *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Accordingly, the Court lacks jurisdiction to entertain the claims as asserted in Count II of Plaintiff's Second Amended Complaint.

The live issue, then, is whether the Court should exercise its discretion to allow Plaintiff to amend his complaint at this post-discovery juncture, naming Bowekaty as a defendant and curing the defect. The government's argument against permitting the amendment is two-fold. First, the government contends that the statute of limitations had run on Plaintiff's claims against Bowekaty as of the date of his original complaint, rendering amendment futile as time-barred under a Rule 15(a) analysis, even assuming the proposed amendment could properly relate back to the date of the original pleading under Rule 15(c). Second, allowing Plaintiff to amend when discovery was closed on August 1, 2006, would result in prejudice to the government.

Plaintiff submitted his administrative tort claim with the United States Department of the

5

Interior on or about February 4, 2003. Resp. to Mot. to Amend, Ex. A. Plaintiff identified the date of the incident at issue as "June 10, 2002," and, as the basis for the claim, Plaintiff asserted that "Officer Bowekaty filed a complaint against and caused the arrest of [Plaintiff] on June 10, 2002." *Id.*

While the Supreme Court has not directly confronted the statute of limitations question in the context of a *Bivens* action, it has indeed addressed the limitations as applied in 42 U.S.C. § 1983 actions. *See Wilson v. Garcia*, 471 U.S. 261, 279 (1985). In the *Wilson* context, the Court held that Section 1983 actions were best characterized as "general personal injury actions" for statute of limitations purposes. Accordingly, the timeliness of those actions, and the closely related questions of tolling and application, are properly evaluated under the relevant state statute of limitations period for personal injury actions. *Id.* Post-*Wilson*, the Tenth Circuit, among others, has applied the relevant state general personal injury statute of limitations in *Bivens* actions. In this case, the relevant limitations is three years as found at § 37-1-8 NMSA.

The determination of when a given claim accrues, however, is governed by federal law. *Newcomb v. Ingle*, 827 F.2d 675, 678 (10th Cir. 1987). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). Here, Plaintiff claims that relation back would result in a timely claim, asserting that "the continuing wrong doctrine allows plaintiff to file suit after completion of the wrong." Reply at 1. Specifically, Plaintiff asserts that the action taken by Bowekaty in alleged violation of Plaintiff's rights was not complete until the entry of judgment by the Tribal Court on November 8, 2002. *Id.* Indeed, in certain circumstances not present here, a plaintiff can experience continuing violations or wrongs such that a claim accrues for limitations

6

purposes at the culmination of the continuous injury. *See Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1430-31 (10th Cir. 1996) (applying New Mexico law and holding claim accrues, and limitations period runs, from date of last injury or when "the wrong is over and done with"); *see also Heard v. Sheahan*, 253 F.3d 316, 318-19 (7th Cir. 2001) (applying continuing wrong doctrine in § 1983 deliberate indifference case). In essence, the continuing violation doctrine permits a court to look backwards to the entirety of a continuing wrong to assess its cumulative effect, so long as an injurious act falls within the statute of limitations period. *See Heard*, 253 F.3d at 318; *Tiberi*, 89 F.3d at 1430-31.

The Court finds *Tiberi* distinguishable from the case at hand, however, as that case involved a defendant's affirmative concealment of information, misrepresentations, and breach of fiduciary duty preventing the plaintiff from pursing a claim. No such justification exists here, nor does the Court find any other persuasive reason to determine that Plaintiff was otherwise unaware of his claims within the statutory period. In fact, Plaintiff himself has characterized the alleged wrongs as arising out of Officer Bowekaty's actions in June, 2002. Accordingly, the Court will not grant leave to amend on the basis of the continuing wrong doctrine and the amendment shall be denied as futile.[2]

## III.  Conclusion

In summary, Count II of Plaintiff's Second Amended Complaint fails the requirements of a *Bivens* action insofar as the United States cannot be sued directly for the torts alleged and would-

---

[2]Additional grounds for dismissal of Plaintiff's claims may be found in the questionable jurisdiction of this Court to hear what arguably amounts to a collateral attack of the Tribal Court judgment. This is the subject of another pending motion (*Doc. 60*). A written ruling on that motion is forthcoming.

be tortfeasor Officer Bowekaty is not named. The Court finds that allowing Plaintiff to amend his complaint in an attempt to cure this jurisdictional defect would be futile on statute of limitations grounds and, even if it weren't, such amendment would not be proper because of potential prejudice to Defendants at this juncture. Accordingly, because the Court lacks jurisdiction over Count II, the claim must be dismissed.

WHEREFORE,

**IT IS ORDERED** that *Plaintiff's Motion to Amend and Supporting Memorandum*, filed September 11, 2006 (*Doc. 63*) is **DENIED.**

**IT IS FURTHER ORDERED** that *Defendant United States' Motion to Dismiss Plaintiff's Bivens Claim and Supporting Memorandum of Law*, filed August 8, 2006 (*Doc. 59*) is **GRANTED.**

Dated November 20, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Narciso Garcia, Jr., Esq.
    Garcia Law Office
    Albuquerque, New Mexico

Counsel for Defendant:

    C. Bryant Rogers, Esq.
    David R. Yepa, Esq.
    Roth, VanAmberg, Rogers, Ortiz & Yepa, LLP
    Santa Fe, New Mexico