IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH I. K. TOLEDO,

        Plaintiff,

v.                                                                                                  No. CV-05-802 JC/DJS

UNITED STATES OF AMERICA,
DAVID YEPA, and ROTH, VANAMBERG,
ROGERS, ORTIZ & YEPA, LLP,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Defendant United States' Motion to Dismiss Plaintiff's Claims Against United States for False Arrest, False Imprisonment and Malicious Prosecution, or in the Alternative for Summary Judgment, and Supporting Memorandum of Law*, filed October 18, 2006 (*Doc. 72*) ("Motion"). The question before the Court is whether any of Plaintiff's remaining claims, brought pursuant to New Mexico state law and the Federal Tort Claims Act, can survive beyond dismissal or summary judgment. The Court, having considered the Motion, the parties' submissions, the relevant authority, and being otherwise fully advised, finds they cannot and the Motion, therefore, is granted.

**I.**     **Background**

Plaintiff alleges that he suffered damages resulting from Pueblo of Jemez Tribal Court proceedings brought against him following a tragic accident that took place on the Jemez Pueblo.

On June 4, 2002, Plaintiff and his twelve-year old cousin were passengers in the bed of a moving pickup truck when the twelve-year old boy was thrown form the truck and mortally injured. Plaintiff, as well as the driver of the truck and another passenger, left the scene of the accident without attempting to render aid to the boy.  The boy was later found by an emergency response crew and was pronounced dead at the scene.  Officer Ivan R. Bowekaty, Assistant Special Agent in Charge with the Bureau of Indian Affairs ("BIA"), an agency of the U.S. Department of the Interior, responded to a dispatch call related to the accident.

On June 7, 2002, following an investigation and pursuant to a warrant signed by Jemez Pueblo Governor Paul Tosa, Plaintiff was arrested by Tribal Police Officer Christobal Sando.  *See* Mot., Ex. B; Sando Aff. at ¶ 2.  Plaintiff was subsequently charged criminally in the Pueblo of Jemez Tribal Court with leaving the scene of an accident in which a fatality occurred in violation of Jemez Tribal Code Section 7-5-1.  *See* Doc. 30 at ¶10; Mot., Ex. B.  That statute in fact makes it unlawful for the *driver* of a vehicle involved in an accident to leave the scene without attempting to render aid.  A criminal complaint, signed by Bowekaty, was issued on June 10, 2002-- three days after the warrant.  Plaintiff was held in custody for two days.  The criminal case was then dismissed *sua sponte* by the Tribal Court.

Subsequently, a civil proceeding was brought against Plaintiff in Tribal Court.  *See* Mot., Ex. G.  The civil suit resulted in a judgment against Plaintiff in the amount of $500.00 for "failure to render aid to the injured victim and notify authorities of the accident." Mot., Ex. H.  The Tribal Court Judgment makes no reference to Section 7-5-1 of the Jemez Tribal Code, but instead expressly acknowledges that Toledo was a *passenger* in the truck and that he failed in his "obligation" to render aid to the injured victim and notify authorities of the accident.  *See Id.*

Plaintiff testified at deposition that he views his behavior in leaving the scene of the accident to be wrong as inconsistent with Tribal values and that he believes the judgment against him in the amount of $500.00 to be justified.  CITE Toledo Dep.

## II.     Legal Standards

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991)).  The court may not dismiss a cause of action for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the theory of recovery that would entitle him to relief. *Hospital Building Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746 (1976). The issue in reviewing the sufficiency of a complaint is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). For purposes of a summary judgment motion, the evidence is viewed in the light most favorable to the non-moving party.  *Id.*  The moving party bears the initial burden of showing that there is no genuine issue of material fact.  *Id.* at 256.  The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's

claim, as "a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986).

Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson,* 477 U.S. at 248, 256. To meet this burden, the non-movant must specify evidence in the record and demonstrate the precise manner in which that evidence supports its claims. *Gross v. Burggraf*, 53 F.3d 1531, 1546 (10th Cir. 1995). Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Id.* If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 597.

### III.  Discussion

In Count I of his Complaint, Plaintiff brings claims for intentional torts against the United States pursuant to the Federal Tort Claims Act (FTCA), purportedly asserting vicarious liability against it for negligent acts or omissions of Officer Bowekaty. The FTCA provides that the United States is liable for any injury "caused by the negligent or wrongful act or omission of any employee" of a federal agency. 28 U.S.C. § 2672. Section 2674 provides that the United States shall be liable "in the same manner and to the same extent as a private individual."

#### A.  Count I

*False Arrest and False Imprisonment*

In New Mexico, false arrest involves the unlawful arrest of a person, *see Butler v. Rio Rancho Public School Bd. of Ed.*, 245 F. Supp. 2d 1203 (D.N.M. 2002), while false imprisonment consists of intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so."

Plaintiff cannot establish that Officer Bowekaty caused his arrest or imprisonment.  First, though not dispositive in-and-of itself, the undisputed evidence shows that Bowekaty was not on duty when Plaintiff was arrested.  *See* Mot., Ex. D.  More importantly, Plaintiff's contention that the complaint signed by Bowekaty caused him to be arrested and imprisoned is in direct conflict with the evidence, for the criminal complaint was signed by Bowekaty two days *after* Plaintiff's arrest, belying Plaintiff's contention that the former caused the latter.  Accordingly, Plaintiff's vicarious liability claims against the United States based upon false arrest and/or imprisonment by Bowekaty are properly dismissed.

<u>*Malicious Abuse of Process*</u>

Plaintiff alleges malicious abuse of process against the United States based, again, upon purportedly unlawful actions of Officer Bowekaty because Bowekaty "persisted in his prosecution of plaintiff with the result that a wrongful judgment was entered against plaintiff."  (Compl. at ¶ 18.).  Indeed, New Mexico recognizes a cause of action for the malicious abuse of process, the elements of which are:  (1) the initiation of judicial proceedings against the plaintiff by the defendant; (2) an act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim; (3) a primary motive by the defendant in misusing the process to accomplish an illegitimate end; and (4) damages.  *DeVaney v. Thriftway Mktg. Corp.*,

5

1998 NMSC 1, 124 N.M. 512, 517, 518, 953 P.2d 277 (1997).

As Defendant points out, it was not a party to the tribal court proceedings of which Plaintiff now complains or the tribal court judgment Plaintiff impermissibly seeks to attack. Moreover, the Court does not agree with Plaintiff's overbroad interpretation of *Burrell v. Armijo*, 456 F.3d 1159 (10th Cir. 2006), as standing for the proposition that "a tribal court judgment [does] not have to be recognized by a federal court if there has been a violation of due process of law or if the tribal court lacked subject matter jurisdiction." Resp. at 8. Instead, as discussed in my Memorandum Opinion and Order filed September 18, 2006 (*Doc. 64*), the due process claims as asserted against the United States here are not cognizable.[1]

B. Count III

Plaintiff makes a claim against the Government for negligent training and supervision of Bowekaty. Indeed, in certain circumstances not illustrated here, an employer can be held liable for negligent training and supervision of a subordinate law enforcement officer if it causes the commission of a tort by the subordinate officer. *See, e.g., McDermitt v. Corrections Corp. of America*, 112 N.M. 247, 814 P.2d 115, 117 (N.M. Ct. App. 1991). Negligent supervision claims arise from a duty of an employer to members of the public whom the employer might reasonably anticipate would be placed in a position of risk of injury as a result of the negligent training and supervision. Thus, such claims exist independent of *respondeat superior* claims. *See Medina v.*

---

[1] Plaintiff falls short on the third element of the tort by failing to offer any competent evidence supporting his theory that Bowekaty acted with the requisite motive. In fact, his only evidence on this essential element is his own bald assertion, which is insufficient. Accordingly, Plaintiff's malicious abuse of process claim must be dismissed for want of sufficient summary judgment evidence to establish that Bowekaty initiated judicial proceedings against him with ill motive.

*Graham's Cowboys, Inc.*, 827 P.2d 859, 861 (N.M. Ct. App. 1992); *Deflon v. Danka Corp., Inc.*, 1 Fed. Appx. 807, 820 (10th Cir. 2001)(citing *Los Ranchitos v. Tierre Grande, Inc.*, 861 P.2d 262, 269 (N.M. Ct. App. 1993)).

In this instance, Plaintiff has not marshaled sufficient evidence to indicate that Bowekaty, as agent of the United States, committed a wrongful act that injured Plaintiff.  The record shows that Bowekaty did not himself arrest or imprison Plaintiff as discussed *supra*.  Moreover, even if Bowekaty's action in signing the Tribal Court complaint could be shown as "wrongful," the record is devoid of any competent summary judgment evidence indicating that officer Bowekaty was in fact negligently hired, trained or supervised by any supervisor of the BIA.  It seems that Plaintiff has made no meaningful attempt to develop the record on this central element of the claim.  Accordingly, Count III must be dismissed.

## IV.     Conclusion

Finding Plaintiff has failed to state a claim upon which relief can be granted on Count I and further determining that no claim asserted in Count III can be maintained, Defendant United States' Motion is granted.  The Court having previously dismissed Count II of the Complaint, Plaintiff's case is hereby dismissed in its entirety.

WHEREFORE,

**IT IS ORDERED** that *Defendant United States' Motion to Dismiss Plaintiff's Claims Against United States for False Arrest, False Imprisonment and Malicious Prosecution, or in the Alternative for Summary Judgment, and Supporting Memorandum of Law*, filed October 18, 2006 (*Doc. 72*), is **GRANTED**.

Dated January 19, 2007

        s/John Edwards Conway_____
        SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

    Narciso Garcia, Jr., Esq.
    Garcia Law Office
    Albuquerque, New Mexico

Counsel for Defendant United States:

    Dori E. Richards
    Special Assistant United States Attorney

    Elizabeth Martinez, AUSA